UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ANDA, LATRICIA BELL,
JONATHON ELSENBROEK,
JACQUELYN JOHNSON,
LESLIE PENEGOR, and DONALD
WALSTROM, for themselves and
class members,

        Plaintiffs,

v.

ROOSEN, VARCHETTI & OLIVIER,
PLLC, RICHARD G. ROOSEN, PAUL
E. VARCHETTI, LYNN  M. OLIVIER,
WEB EQUITY HOLDINGS, LLC,
CAVALRY SPV I, LLC and MAIN
STREET ACQUISITION CORP.,

        Defendants.
_____/


**CLASS ACTION COMPLAINT**

**I.**    **Introduction**

    1.    Plaintiffs bring this class action against the defendant debt collectors, seeking

damages and equitable relief, to redress Defendants' systemic violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection

Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*.

    2.    Defendants have filed thousands of post-judgment requests for writs of

garnishment in Michigan courts in connection with efforts to collect debts from consumers.

Michigan law states: "If the garnishee is not indebted to the defendant, does not hold any

property subject to garnishment, and is not the defendant's employer, the plaintiff is not entitled to recover the costs of that garnishment." MCR 3.101(R). Despite this prohibition, Defendants routinely have rolled the costs of *unsuccessful* garnishments into the balance owed in requests for writs of garnishment, misrepresented the amounts owed by consumers, collected amounts not owed by consumers, and violated the FDCPA and Michigan law.

**II.     Jurisdiction**

3.       This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiffs' state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendants transact business here, the pertinent events took place here, and all but one of Plaintiffs reside here.

**III.    Parties**

4.       Plaintiff Peter Anda is a natural person residing in Kent County, Michigan. Mr. Anda is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Anda is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

5.       Plaintiff Latricia Bell is a natural person residing in Kent County, Michigan. Ms. Bell is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Bell is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

6.       Plaintiff Jonathon Elsenbroek is a natural person residing in Kent County, Michigan. Mr. Elsenbroek is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Elsenbroek is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

2

7.     Plaintiff Jacquelyn Johnson is a natural person residing in Ottawa County, Michigan.  Ms. Johnson is a "consumer" and "person" as the terms are defined and used in the FDCPA.  Ms. Johnson is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

8.     Plaintiff Leslie Penegor is a natural person residing in Genesee County, Michigan. Ms. Penegor is a "consumer" and "person" as the terms are defined and used in the FDCPA.  Ms. Penegor is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

9.     Plaintiff Donald Walstrom is a natural person residing in Kent County, Michigan. Mr. Walstrom is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Walstrom is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

10.     Defendant Roosen, Varchetti & Olivier, PLLC ("RVO") is a Michigan professional limited liability company.  The registered agent for RVO is Paul E. Varchetti, 39541 Garfield Road, Clinton Township, Michigan 48038.  According to the RVO internet website (www.rvolaw.com), "[RVO] takes great pride in being Michigan's premier collection law firm. RVO is a law firm whose primary business is debt collection.  RVO uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  RVO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  RVO is a "debt collector" as the term is defined and used in the FDCPA. RVO is a "regulated person" as the term is defined and used in the MCPA.

11.     Defendant Richard G. Roosen is a natural person, residing in Grosse Pointe Farms, Michigan.  Mr. Roosen is an owner, officer and employee of defendant Roosen, Varchetti

3

& Olivier, PLLC. Mr. Roosen is licensed (P35222) to practice law in Michigan. Mr. Roosen uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Roosen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Roosen is a "debt collector" as the term is defined and used in the FDCPA. Mr. Roosen is a "regulated person" as the term is defined and used in the MCPA.

13. Mr. Roosen helped create, approved, implemented and ratified the practices of RVO that are described below in this complaint.

13. During all times pertinent hereto, Mr. Roosen directly and indirectly participated in the efforts to collect alleged debts from plaintiffs and others as described below in this complaint.

14. Defendant Paul E. Varchetti is a natural person, residing in Shelby Township, Macomb County, Michigan. Mr. Varchetti is an owner, officer and employee of defendant Roosen, Varchetti & Olivier, PLLC. Mr. Varchetti is licensed (P49430) to practice law in Michigan. Mr. Varchetti uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Varchetti regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Varchetti is a "debt collector" as the term is defined and used in the FDCPA. Mr. Varchetti is a "regulated person" as the term is defined and used in the MCPA.

15. Mr. Varchetti helped create, approved, implemented and ratified the practices of RVO that are described below in this complaint.

16. During all times pertinent hereto, Mr. Varchetti directly and indirectly participated

4

in the efforts to collect alleged debts from plaintiffs and others as described below in this complaint.

17.     Defendant Lynn M. Olivier, also known as Lynn M. Olivier Cunningham, also known as Lynn M. Cunningham, is a natural person, residing in Oakland County, Michigan. Ms. Olivier is an owner, officer and employee of defendant Roosen, Varchetti & Olivier, PLLC. Ms. Olivier is licensed (P39006) to practice law in Michigan. Ms. Olivier uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Ms. Olivier regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Olivier is a "debt collector" as the term is defined and used in the FDCPA. Ms. Olivier is a "regulated person" as the term is defined and used in the MCPA.

18.     Ms. Olivier helped create, approved, implemented and ratified the practices of RVO that are described below in this complaint.

19.     During all times pertinent hereto, Ms. Olivier directly and indirectly participated in the efforts to collect alleged debts from plaintiffs and others as described below in this complaint.

20.     A shareholder, owner, officer, member, manager, employee or agent of a corporate debt collector can be held liable for violating the FDCPA, without piercing the corporate veil, by being directly involved in the day-to-day operation of the company, including the training and managing of employees, reviewing or supervising the review of accounts, materially participating in the activities of the company, supervising collection activities, overseeing compliance with applicable collection laws, ratifying unlawful acts, and the like, for the reason that each such individual is himself a "debt collector" within the statutory definition,

namely, each is a "person" in a business, "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). *See Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435-438 (6th Cir. 2008); *Russell v. Goldman Roth Acquisitions, LLC,* 847 F.Supp.2d 994, 1004-06 (W.D.Mich. 2012).

21.     Defendant Web Equity Holdings, LLC ("WEH") is a Michigan limited liability company. The registered agent for WEH is Paul E. Varchetti, 39541 Garfield Road, Clinton Township, Michigan 48038. WEH is owned, operated and managed by defendants Richard G. Roosen, Paul E. Varchetti and/or Lynn M. Olivier. WEH is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. WEH uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. WEH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. WEH is a "debt collector" as the term is defined and used in the FDCPA. WEH is a "regulated person" as the term is defined and used in the MCPA.

22.     During all times pertinent hereto, WEH directly and indirectly participated in efforts to collect alleged debts from plaintiffs Peter Anda and Donald Walstrom, and others as stated below in this complaint.

23.     Upon information and belief, defendants Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti, Lynn M. Olivier and Web Equity Holdings, LLC collect debts from the same office suite and share the same staff, equipment, supplies and other resources.

24.     Defendant Cavalry SPV I, LLC ("Cavalry") is a Delaware limited liability

company. The registered agent for Cavalry is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Cavalry requested and holds a Certificate of Authority to Transact Business in Michigan for the express purpose of "purchase & collection of performing & non performing receivables." Cavalry is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. Cavalry uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Cavalry regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Cavalry is a "debt collector" as the term is defined and used in the FDCPA. Cavalry is a "regulated person" as the term is defined and used in the MCPA.

25.     During all times pertinent hereto, Cavalry directly and indirectly participated in efforts to collect alleged debts from plaintiff Jonathon Elsenbroek and others as stated below in this complaint.

26.     Defendant Main Street Acquisition Corp. ("Main Street") is a Nevada corporation. The registered agent for Main Street in Nevada is Registered Agents Legal Services, Ltd., 112 North Curry Street, Carson City, Nevada 89703. Main Street is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. Main Street uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Main Street regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Main Street is a "debt collector" as the term is defined and used in the FDCPA. Main Street is a "regulated person" as the term is defined and used in the MCPA.

27.     During all times pertinent hereto, Main Street directly and indirectly participated

in efforts to collect alleged debts from plaintiff Jacquelyn Johnson and others as stated below in this complaint.

28.     An entity that itself meets the definition of "debt collector" under the FDCPA is liable for the unlawful debt collection activities carried out on its behalf by another debt collector.  Vicarious liability may attach to the client in the context of an attorney-client relationship where both the attorney and its client are "debt collectors," even if the unlawful acts are committed solely by the attorney.  *See, e.g., Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103 (6th Cir. 1996).

29.     Defendants Web Equity Holdings, LLC, Cavalry SPV I, LLC and Main Street Acquisition Corp., as debt collectors, are vicariously liable for the violations of the FDCPA and Michigan law committed on their behalf by defendants Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier, also debt collectors.

**IV.     Facts**

**Peter Anda**

30.     Plaintiff Peter Anda had an account which he used to purchase goods and/or services on credit for personal, family and household purposes.  The resulting obligation of Mr. Anda to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

31.     Mr. Anda's account went into default.  The original creditor charged off and sold the account.

32.     Defendant Web Equity Holdings, LLC claims to have purchased Mr. Anda's delinquent and charged-off account.

33.     On or about July 14, 2011, WEH, through its attorneys, defendants Roosen,

Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier filed a debt collection lawsuit against Mr. Anda in the 61st District Court for the State of Michigan, Case No. 2011-GC-3439.

34. On or about September 26, 2011, judgment was entered in the state court lawsuit on behalf of WEH and against Mr. Anda in the amount of  amount of $3,904.53.

35. On or about October 31, 2011, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee.  On November 3, 2011, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit A.

36. RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit A) to be served on the Michigan Department of Treasury and Mr. Anda.

37. Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit A).

38. On or about September 4, 2012, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On September 26, 2011, the plaintiff received judgment against the defendant for: $3,904.53.
2. The total amount of judgment interest accrued to date is: $204.28.
   The total amount of postjudgment costs accrued to date is: $73.00.
   The total amount of postjudgment payments and credits made to date is: $0.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $4,181.81.

On September 19, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the

9

Request and Writ for Garnishment is attached hereto as Exhibit B.

39.     RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit B) to be served on the Michigan Department of Treasury and Mr. Anda.

40.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit B).

41.     On or after August 22, 2013, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

> 1. On September 26, 2011, the plaintiff received judgment against the defendant for: $3,904.53.
> 2. The total amount of judgment interest accrued to date is: $388.08.
>    The total amount of postjudgment costs accrued to date is: $93.00.
>    The total amount of postjudgment payments and credits made to date is: $.00.
>    The amount of the unsatisfied judgment now due (including interest and costs) is: $4,385.61.

On October 12, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit C.

42.     RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit C) to be served on the Michigan Department of Treasury and Mr. Anda.

43.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit C).

44.     The amount of the unsatisfied judgment that was represented to be $4,385.61 in the Request and Writ for Garnishment attached hereto as Exhibit C included an amount for the

10

cost of the prior Request and Writ for Garnishment attached hereto as Exhibit A.

45.     The amount of the unsatisfied judgment that was represented to be $4,385.61 in the Request and Writ for Garnishment attached hereto as Exhibit C included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit B.

46.     The amount of the unsatisfied judgment that was represented to be $4,385.61 in the Request and Writ for Garnishment attached hereto as Exhibit C included an amount for the cost of that Request and Writ for Garnishment.

47.     RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier and WEH, in each Request and Writ for Garnishment attached hereto as Exhibits B and C, added the costs of unsuccessful (or not yet successful) writs for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Mr. Anda.

**Latricia Bell**

48.     Plaintiff Latricia Bell had an account with Credit Acceptance Corporation ("CAC") which she used to purchase goods and/or services on credit for personal, family and household purposes.  The resulting obligation of Ms. Bell to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

49.     Ms. Bells's account went into default.

50.     On or about June 30, 2011, CAC, through its attorneys, RVO, Mr. Roosen, Mr. Varchetti and Ms. Olivier, filed a debt collection lawsuit against Ms. Bell in the 61st District Court for the State of Michigan, Case No. 2011-GC-3226.

51.     On or about April 2, 2012, judgment was entered in the state court lawsuit on behalf of CAC and against Ms. Bell in the amount of  amount of $4,150.49.

11

52.     On or about May 2, 2012, RVO and Mr. Varchetti, on behalf of CAC, filed a Request and Writ for Garnishment in the state court lawsuit, naming HCR Manorcare Services of Florida, Inc. as garnishee.  On March 3, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit D.

53.     RVO and Mr. Varchetti, on behalf of CAC, caused the Request and Writ for Garnishment (Exhibit D) to be served on HCR Manorcare Services of Florida, Inc. and Ms. Bell.

54.     On June 11, 2012, the garnishee named in Exhibit D filed a garnishee disclosure in the state court lawsuit, stating that the garnishee was not obligated to make payments to the defendant.

55.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CAC received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit D).

56.     On or about September 4, 2012, RVO and Mr. Varchetti, on behalf of CAC, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

> 1. On April 2, 2012, the plaintiff received judgment against the defendant for: $4,150.49.
> 2. The total amount of judgment interest accrued to date is: $566.16.
>    The total amount of postjudgment costs accrued to date is: $99.12.
>    The total amount of postjudgment payments and credits made to date is: $.00.
>    The amount of the unsatisfied judgment now due (including interest and costs) is: $4,815.77.

On October 9, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit E.

57.     RVO and Mr. Varchetti, on behalf of CAC, caused the Request and Writ for

Garnishment (Exhibit E) to be served on the Michigan Department of Treasury and Ms. Bell.

58.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CAC received any

payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit

E).

59.     On or about December 13, 2012, RVO and Mr. Varchetti, on behalf of CAC, filed

a Request and Writ for Garnishment in the state court lawsuit, naming Lake Michigan CU as

garnishee, and representing in pertinent part:

1. Plaintiff received judgment against defendant for $4,150.49 on April 2, 2012.
2. The total amount of judgment interest accrued to date is $705.71.
   The total amount of postjudgment costs accrued to date is: $120.12.
   The total amount of postjudgment payments made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs)
   is $4,976.32.

On December 27, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit F.

60.     RVO and Mr. Varchetti, on behalf of CAC, caused the Request and Writ for

Garnishment (Exhibit F) to be served on Lake Michigan CU and Ms. Bell.

61.     On or about January 16, 2013, Lake Michigan CU filed a garnishee disclosure in

the state court lawsuit, stating that the garnishee was not indebted to the defendant for any

amount and did not possess or control defendant's property, money, etc., for the reason that Lake

Michigan CU had no record of any account with Ms. Bell.

62.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CAC received any

payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit

F).

63.     On or about February 11, 2013, RVO and Mr. Varchetti, on behalf of CAC, filed

13

a Request and Writ for Garnishment in the state court lawsuit, naming Fifth Third Bank as

garnishee, and representing in pertinent part:

1. Plaintiff received judgment against defendant for $4,150.49 on April 2, 2012.
2. The total amount of judgment interest accrued to date is $785.26.
   The total amount of postjudgment costs accrued to date is: $166.12.
   The total amount of postjudgment payments made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs)
   is $5,101.87.

On February 14, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit G.

64.     RVO and Mr. Varchetti, on behalf of CAC, caused the Request and Writ for

Garnishment (Exhibit G) to be served on Fifth Third Bank and Ms. Bell.

65.     On or about February 19, 2013, Fifth Third Bank filed a garnishee disclosure in

the state court lawsuit, stating that the garnishee was not indebted to the defendant for any

amount and did not possess or control defendant's property, money, etc., for the reason that Ms.

Bell did not have any open account with Fifth Third Bank.

66.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CAC received any

payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit

G).

67.     On or after August 22, 2013, RVO and Mr. Varchetti, on behalf of CAC, filed a

Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of

Treasury as garnishee, and representing in pertinent part:

1. On April 2, 2012, the plaintiff received judgment against defendant for:
   $4,150.49.
2. The total amount of judgment interest accrued to date is: $1,065.23.
   The total amount of postjudgment costs accrued to date is: $201.43.
   The total amount of postjudgment payments and credits made to date is:

$270.00.
The amount of the unsatisfied judgment now due (including interest and costs) is: $5,147.15.

On October 12, 2013, the state court clerk issued the Writ for Garnishment. A copy of the Request and Writ for Garnishment is attached hereto as Exhibit H.

68.     RVO and Mr. Varchetti, on behalf of CAC, caused the Request and Writ for Garnishment (Exhibit H) to be served on the Michigan Department of Treasury and Ms. Bell.

69.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CAC received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit H).

70.     The amount of the unsatisfied judgment that was represented to be $5,147.15 in the Request and Writ for Garnishment attached hereto as Exhibit H included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit D.

71.     The amount of the unsatisfied judgment that was represented to be $5,147.15 in the Request and Writ for Garnishment attached hereto as Exhibit H included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit E.

72.     The amount of the unsatisfied judgment that was represented to be $5,147.15 in the Request and Writ for Garnishment attached hereto as Exhibit H included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit F.

73.     The amount of the unsatisfied judgment that was represented to be $5,147.15 in the Request and Writ for Garnishment attached hereto as Exhibit H included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit G.

74.     The amount of the unsatisfied judgment that was represented to be $5,147.15 in

the Request and Writ for Garnishment attached hereto as Exhibit H included an amount for the cost of that Request and Writ for Garnishment.

75.     RVO, Mr. Roosen, Mr. Varchetti and Ms. Olivier, in each Request and Writ for Garnishment attached hereto as Exhibits E, F, G and H, added the costs of unsuccessful (or not yet successful) writs for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Ms. Bell.

### Jonathon Elsenbroek

76.     Plaintiff Jonathon Elsenbroek had an account which he used to purchase goods and/or services on credit for personal, family and household purposes.  The resulting obligation of Mr. Elsenbroek to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

77.     Mr. Elsenbroek's account went into default.  The original creditor charged off and sold the account.

78.     Defendant Cavalry SPV I, LLC claims to have purchased Mr. Elsenbroek's delinquent and charged-off account.

79.     On or about September 12, 2012, Cavalry, through its attorneys, defendants Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier filed a debt collection lawsuit against Mr. Elsenbroek in the 61st District Court for the State of Michigan, Case No. 2012-GC-4595.

80.     On or about March 5, 2013, judgment was entered in the state court lawsuit on behalf of Cavalry and against Mr. Elsenbroek in the amount of  amount of $6,449.51.

81.     On or about April 1, 2013, RVO and Mr. Varchetti, on behalf of Cavalry, filed a

Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On March 5, 2013, the plaintiff received judgment against defendant for: $6,449.51.
2. The total amount of judgment interest accrued to date is: $143.04.
   The total amount of postjudgment costs accrued to date is: $.00.
   The total amount of postjudgment payments and credits made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $6,592.55.

On April 10, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit I.

82.     RVO and Mr. Varchetti, on behalf of Cavalry, caused the Request and Writ for Garnishment (Exhibit I) to be served on the Michigan Department of Treasury and Mr. Elsenbroek.

83.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Cavalry received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit I).

84.     On or about May 17, 2013, RVO and Mr. Varchetti, on behalf of Cavalry, filed a Request and Writ for Garnishment in the state court lawsuit, naming the City of Grand Rapids as garnishee, and representing in pertinent part:

1. Plaintiff received judgment against defendant for $6,449.51 on March 5, 2013.
2. The total amount of judgment interest accrued to date is $181.58.
   The total amount of postjudgment costs accrued to date is: $135.11.
   The total amount of postjudgment payments made and credits to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is $6,766.20.

On May 20, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit J.

85.      RVO and Mr. Varchetti, on behalf of Cavalry, caused the Request and Writ for Garnishment (Exhibit J) to be served on the City of Grand Rapids and Mr. Elsenbroek.

86.      On June 3, 2013, the City of Grand Rapids filed a garnishee disclosure in the state court lawsuit, stating that the garnishee was not obligated to make periodic payments to the defendant for the reason that the defendant was not employed by the City of Grand Rapids.

87.      Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Cavalry received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit J).

88.      On or after August 22, 2013, RVO and Mr. Varchetti, on behalf of Cavalry, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On March 5, 2013, the plaintiff received judgment against defendant for: $6,449.51.
2. The total amount of judgment interest accrued to date is: $259.53.
   The total amount of postjudgment costs accrued to date is: $135.11.
   The total amount of postjudgment payments and credits made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $6,844.15.

On October 12, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit K.

89.      RVO and Mr. Varchetti, on behalf of Cavalry, caused the Request and Writ for Garnishment (Exhibit K) to be served on the Michigan Department of Treasury and Mr. Elsenbroek.

90.      Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Cavalry received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit

K).

91.     The amount of the unsatisfied judgment that was represented to be $6,844.15 in the Request and Writ for Garnishment attached hereto as Exhibit K included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit I.

92.     The amount of the unsatisfied judgment that was represented to be $6,844.15 in the Request and Writ for Garnishment attached hereto as Exhibit K included an amount for the cost of the prior Request and Writ for Garnishment attached hereto as Exhibit J.

93.     The amount of the unsatisfied judgment that was represented to be $6,844.15 in the Request and Writ for Garnishment attached hereto as Exhibit K included an amount for the cost of that Request and Writ for Garnishment.

94.     RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier and Cavalry, in each Request and Writ for Garnishment attached hereto as Exhibits J and K, added the costs of unsuccessful (or not yet successful) writs for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Mr. Elsenbroek.

**Jacquelyn Johnson**

95.     Plaintiff Jacquelyn Johnson had an account with HSBC Bank Nevada, N.A. ("HSBC") she used to purchase goods and/or services on credit for personal, family and household purposes.  The resulting obligation of Ms. Johnson to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

96.     Ms. Johnson's account went into default.  The original creditor charged off and sold the account.

97.     Defendant Main Street Acquisition Corp. claims to have purchased Ms. Johnson's

delinquent and charged-off account.

98.     On or about August 12, 2011, Main Street, through its attorneys, defendants

Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier

filed a debt collection lawsuit against Ms. Johnson in the 61st District Court for the State of

Michigan, Case No. 2011-GC-3872.

99.     On or about December 8, 2011, judgment was entered in the state court lawsuit on

behalf of Main Street and against Ms. Johnson in the amount of amount of $2,063.08.

100.    On or about January 9, 2012, RVO and Mr. Varchetti, on behalf of Main Street,

filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan

Department of Treasury as garnishee, and representing in pertinent part:

> 1. On December 8, 2011, the plaintiff received judgment against defendant for:
>    $2,063.08.
> 2. The total amount of judgment interest accrued to date is: $3.59.
>    The total amount of postjudgment costs accrued to date is: $.00.
>    The total amount of postjudgment payments and credits made to date is: $.00.
>    The amount of the unsatisfied judgment now due (including interest and costs)
>    is: $2,066.67.

On January 12, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit L.

101.    RVO and Mr. Varchetti, on behalf of Main Street, caused the Request and Writ

for Garnishment (Exhibit L) to be served on the Michigan Department of Treasury and Ms.

Johnson.

102.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Main Street received

any payment from the garnishee in connection with the Request and Writ for Garnishment

(Exhibit L).

103.     On or about September 4, 2012, RVO and Mr. Varchetti, on behalf of Main

Street, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan

Department of Treasury as garnishee, and representing in pertinent part:

> 1. On December 8, 2011, the plaintiff received judgment against defendant for:
>    $2,063.08.
> 2. The total amount of judgment interest accrued to date is: $26.49.
>    The total amount of postjudgment costs accrued to date is: $79.75.
>    The total amount of postjudgment payments and credits made to date is:
>    $607.17.
>    The amount of the unsatisfied judgment now due (including interest and costs)
>    is: $1,562.15.

On October 4, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit M.

104.     RVO and Mr. Varchetti, on behalf of Main Street, caused the Request and Writ

for Garnishment (Exhibit M) to be served on the Michigan Department of Treasury and Ms.

Johnson.

105.     Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Main Street received

any payment from the garnishee in connection with the Request and Writ for Garnishment

(Exhibit M).

106.     On or after August 22, 2013, RVO and Mr. Varchetti, on behalf of Main Street,

filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan

Department of Treasury as garnishee, and representing in pertinent part:

> 1. On December 8, 2011, the plaintiff received judgment against defendant for:
>    $2,063.08.
> 2. The total amount of judgment interest accrued to date is: $49.54.
>    The total amount of postjudgment costs accrued to date is: $136.75.
>    The total amount of postjudgment payments and credits made to date is:
>    $1,255.67.
>    The amount of the unsatisfied judgment now due (including interest and costs)

is: $993.70.

On October 12, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit N.

107.    RVO and Mr. Varchetti, on behalf of Main Street, caused the Request and Writ

for Garnishment (Exhibit N) to be served on the Michigan Department of Treasury and Ms.

Johnson.

108.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor Main Street received

any payment from the garnishee in connection with the Request and Writ for Garnishment

(Exhibit N).

109.    The amount of the unsatisfied judgment that was represented to be $993.70 in the

Request and Writ for Garnishment attached hereto as Exhibit N included an amount for the cost

of the prior Request and Writ for Garnishment attached hereto as Exhibit L.

110.    The amount of the unsatisfied judgment that was represented to be $993.70 in the

Request and Writ for Garnishment attached hereto as Exhibit N included an amount for the cost

of the prior Request and Writ for Garnishment attached hereto as Exhibit M.

111.    The amount of the unsatisfied judgment that was represented to be $993.70 in the

Request and Writ for Garnishment attached hereto as Exhibit N included an amount for the cost

of that Request and Writ for Garnishment.

112.    RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier and Main Street, in each Request

and Writ for Garnishment attached hereto as Exhibits M and N, added the costs of unsuccessful

(or not yet successful) writs for garnishment to the judgment balance and thereby misrepresented

the amount allegedly owed by Ms. Johnson.

**Leslie Penegor**

113.　Plaintiff Leslie Penegor had an account which she used to purchase goods and/or services on credit for personal, family and household purposes. The resulting obligation of Ms. Penegor to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

114.　Ms. Penegor's account went into default. The original creditor charged off and sold the account.

115.　An entity named CACH, LLC ("CACH") claims to have purchased Ms. Penegor's delinquent and charged-off account.

116.　On or about November 15, 2011, CACH, through its attorneys, defendants Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier filed a debt collection lawsuit against Ms. Penegor in the 67-4B District Court for the State of Michigan, Case No. GCE11-1508.

117.　On or about March 12, 2012, judgment was entered in the state court lawsuit on behalf of CACH and against Ms. Penegor in the amount of amount of $3,994.97.

118.　On or after August 29, 2012, RVO and Mr. Varchetti, on behalf of CACH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

　　1. On March 12, 2012, the plaintiff received judgment against defendant for: $3,994.97.
　　2. The total amount of judgment interest accrued to date is: $370.80.
　　　The total amount of postjudgment costs accrued to date is: $52.75.
　　　The total amount of postjudgment payments and credits made to date is: $1,571.00.
　　　The amount of the unsatisfied judgment now due (including interest and costs) is: $2,847.52.

On September 24, 2012, the state court clerk issued the Writ for Garnishment. A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit O.

119.    RVO and Mr. Varchetti, on behalf of CACH, caused the Request and Writ for Garnishment (Exhibit O) to be served on the Michigan Department of Treasury and Ms. Penegor.

120.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CACH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit O).

121.    On or after June 21, 2013, RVO and Mr. Varchetti, on behalf of CACH, filed a Request and Writ for Garnishment in the state court lawsuit, naming JP Morgan Chase Bank, N.A. as garnishee, and representing in pertinent part:

1. Plaintiff received judgment against defendant for $3,994.97 on March 12, 2012.
2. The total amount of judgment interest accrued to date is $586.46.
   The total amount of postjudgment costs accrued to date is $94.75.
   The total amount of postjudgment payments and credits made to date is $1,866.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is $2,810.18.

On July 3, 2013, the state court clerk issued the Writ for Garnishment. A copy of the Request and Writ for Garnishment is attached hereto as Exhibit P.

122.    RVO and Mr. Varchetti, on behalf of CACH, caused the Request and Writ for Garnishment (Exhibit P) to be served on the garnishee and Ms. Penegor.

123.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor CACH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit P).

124.    The amount of the unsatisfied judgment that was represented to be $2,810.18 in the Request and Writ for Garnishment attached hereto as Exhibit P included an amount for the

cost of the prior Request and Writ for Garnishment attached hereto as Exhibit O.

125.     The amount of the unsatisfied judgment that was represented to be $2,810.18 in the Request and Writ for Garnishment attached hereto as Exhibit P included an amount for the cost of that Request and Writ for Garnishment.

126.     RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier and CACH, in the Request and Writ for Garnishment attached hereto as Exhibit P, added the costs of unsuccessful (or not yet successful) writs for garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Ms. Penegor.

**Donald Walstrom**

127.     Plaintiff Donald Walstrom had an account which he used to purchase goods and/or services on credit for personal, family and household purposes.  The resulting obligation of Mr. Walstrom to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

128.     Mr. Walstrom's account went into default.  The original creditor charged off and sold the account.

129.     Defendant Web Equity Holdings, LLC claims to have purchased Mr. Walstrom's delinquent and charged-off account.

130.     On or about August 9, 2011, WEH, through its attorneys, defendants Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and Lynn M. Olivier filed a debt collection lawsuit against Mr. Walstrom in the 61st District Court for the State of Michigan, Case No. 2011-GC-3840.

131.     On or about February 10, 2012, judgment was entered in the state court lawsuit on

behalf of WEH and against Mr. Walstrom in the amount of amount of $5,500.00.

132.    On or about March 26, 2012, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee.  On November 3, 2011, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit Q.

133.    RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit Q) to be served on the Michigan Department of Treasury and Mr. Walstrom.

134.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit Q).

135.    On or after August 28, 2012, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury as garnishee, and representing in pertinent part:

1. On February 6, 2012, the plaintiff received judgment against the defendant for: $5,500.00.
2. The total amount of judgment interest accrued to date is: $148.05.
   The total amount of postjudgment costs accrued to date is: $83.32.
   The total amount of postjudgment payments and credits made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $5,731.37.

On September 29, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit R.

136.    RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit R) to be served on the Michigan Department of Treasury and Mr.

26

Walstrom.

137.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit R).

138.    On or after October 3, 2012, RVO and Mr. Varchetti, on behalf of WEH, filed a Request and Writ for Garnishment in the state court lawsuit, naming Macatawa Bank as garnishee, and representing in pertinent part:

1.  Plaintiff received judgment against defendant for $5,500.00 on February 6, 2012.
2.  The total amount of judgment interest accrued to date is $174.18.
    The total amount of postjudgment costs accrued to date is $103.32.
    The total amount of postjudgment payments and credits made to date is $.00.
    The amount of the unsatisfied judgment now due (including interest and costs) is $5,777.50.

On October 18, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the Request and Writ for Garnishment is attached hereto as Exhibit S.

139.    RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for Garnishment (Exhibit S) to be served on the garnishee and Mr. Walstrom.

140.    On or about November 6, 2012, Macatawa Bank filed a garnishee disclosure in the state court lawsuit, stating that the garnishee was not indebted to the defendant for any amount and did not possess or control defendant's property, money, etc., for the reason that Mr. Walstrom did not have any account with Macatawa Bank.

141.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit S).

142.    On or after August 22, 2013, RVO and Mr. Varchetti, on behalf of WEH, filed a

Request and Writ for Garnishment in the state court lawsuit, naming the Michigan Department of

Treasury as garnishee, and representing in pertinent part:

1. On February 6, 2012, the plaintiff received judgment against defendant for:
   $5,500.00.
2. The total amount of judgment interest accrued to date is: $408.60.
   The total amount of postjudgment costs accrued to date is: $125.27.
   The total amount of postjudgment payments and credits made to date is: $.00.
   The amount of the unsatisfied judgment now due (including interest and costs)
   is: $6,033.87.

On October 12, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit T.

143.    RVO and Mr. Varchetti, on behalf of WEH, caused the Request and Writ for

Garnishment (Exhibit T) to be served on the Michigan Department of Treasury and Mr.

Walstrom.

144.    Neither RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier nor WEH received any

payment from the garnishee in connection with the Request and Writ for Garnishment (Exhibit

T).

145.    WEH did not receive any payment in connection with the Request and Writ for

Garnishment (Exhibit T).

146.    The amount of the unsatisfied judgment that was represented to be $6,033.87 in

the Request and Writ for Garnishment attached hereto as Exhibit T included an amount for the

cost of the prior Request and Writ for Garnishment attached hereto as Exhibit Q.

147.    The amount of the unsatisfied judgment that was represented to be $6,033.87 in

the Request and Writ for Garnishment attached hereto as Exhibit T included an amount for the

cost of the prior Request and Writ for Garnishment attached hereto as Exhibit R.

148.    The amount of the unsatisfied judgment that was represented to be $6,033.87 in

the Request and Writ for Garnishment attached hereto as Exhibit T included an amount for the

cost of the prior Request and Writ for Garnishment attached hereto as Exhibit S.

149.    The amount of the unsatisfied judgment that was represented to be $6,033.87 in

the Request and Writ for Garnishment attached hereto as Exhibit T included an amount for the

cost of that Request and Writ for Garnishment.

150.    RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier and WEH, in each Request and

Writ for Garnishment attached hereto as Exhibits R, S and T, added the costs of unsuccessful (or

not yet successful) writs for garnishment to the judgment balance and thereby misrepresented the

amount allegedly owed by Mr. Walstrom.

## V.    Applicable Laws

151.    Garnishment after judgment is governed by MCR 3.101, which states in pertinent

part:

> **(R)  Costs and Fees.**
> (1)  Costs and fees are as provided by law or these rules.
>
> (2)  If the garnishee is not indebted to the defendant, does not hold any property
> subject to garnishment, and is not the defendant's employer, <u>the plaintiff is not
> entitled to recover the costs of that garnishment</u>.

MCR 3.101(R) (underlining supplied).

152.    The Fair Debt Collection Practices Act states that it is unlawful for a debt

collector to use any false, deceptive, or misleading representation or means in connection with

the collection of any debt.  15 U.S.C. § 1692e.

153.    The FDCPA states that it is unlawful for a debt collector to make a false

representation of the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

154.    The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

155.    The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

156.    The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

157.    RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier, WEH, Cavalry and Main Street have violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8) and (10), and 1692f(1).  *See, e.g., Watkins v. Peterson Enterprises, Inc.,* 57 F.Supp.2d 1102 (E.D.Wash. 1999).

158.    The Michigan Collection Practices Act states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.  M.C.L. § 445.252(e).

159.    The MCPA states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor.  M.C.L. § 445.252(f)(i) and (ii).

160.    RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier, WEH, Cavalry and Main Street have violated the MCPA, M.C.L. § 445.252(e), (f)(i) and (f)(ii).

161.    The above-described acts and omissions of RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier, WEH, Cavalry and Main Street were done in connection with efforts to collect alleged debts from Plaintiffs and members of the putative classes and were done intentionally and wilfully.

162.    RVO, Mr. Roosen, Mr. Varchetti, Ms. Olivier, WEH, Cavalry and Main Street intentionally and wilfully violated the FDCPA and MCPA.

**VI.    Class Allegations**

163.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiffs bring this action individually and on behalf of a class or classes of similarly situated persons.

164.    Plaintiffs propose four classes.

165.    The "RVO Class" is comprised of persons with FDCPA and/or MCPA claims against RVO, Mr. Roosen, Mr. Varchetti and/or Ms. Olivier, and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed in any Michigan court; (b) against whom Roosen, Varchetti & Olivier, PLLC, Richard G. Roosen, Paul E. Varchetti and/or Lynn M. Olivier on behalf of the plaintiff filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received from the garnishee by the plaintiff or its agent as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

166.    The "WEH Class" is comprised of persons with FDCPA and/or MCPA claims

against WEH and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed by Web Equity Holdings, LLC as plaintiff in any Michigan court; (b) against whom Web Equity Holdings, LLC through its attorney filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received from the garnishee by Web Equity Holdings, LLC or its agent as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

167. The "Cavalry Class" is comprised of persons with FDCPA and/or MCPA claims against Cavalry and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed by Cavalry SPV I, LLC as plaintiff in any Michigan court; (b) against whom Cavalry SPV I, LLC through its attorney filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received from the garnishee by Cavalry SPV I, LLC or its agent as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

168. The "Main Street Class" is comprised of persons with FDCPA and/or MCPA claims against Main Street and is defined to include: (a) each and every natural person that was a defendant in a lawsuit filed by Main Street Acquisition Corp. as plaintiff in any Michigan court;

(b) against whom Main Street Acquisition Corp. through its attorney filed a post-judgment request for writ for garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person had accrued and owed postjudgment costs in connection with a writ of garnishment; (d) but where no payment or credit was received from the garnishee by Main Street Acquisition Corp. or its agent as a result of the writ for garnishment because the garnishee was not indebted to the person, did not hold any property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt incurred by the person for personal, family or household purposes.

169. The FDCPA claims of Plaintiffs and the members of each class are subject to a one-year statute of limitation. Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning one year prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the FDCPA.

170. The MCPA claims of Plaintiffs and the members of each class are subject to a six-year statute of limitation. Accordingly, only those persons against whom a request for writ for garnishment was filed during that period of time beginning six years prior to the date of filing of this complaint and ending on the date the classes are certified, may assert claims under the MCPA.

171. Upon information and belief, each class consists of more than 1000 persons.

172. The members of each class are so numerous that joinder of all members is impracticable.

173. There are questions of law and fact common to all members of each class, which

common questions predominate over any questions that affect only individual class members. The predominate questions are:

a) Whether Defendants were entitled to tax costs for unsuccessful writs for garnishments.

b) Whether the requests for writs for garnishment filed by Defendants misrepresented that the class members owed postjudgment costs in connection with unsuccessful writs for garnishment.

c) Whether the requests for writs for garnishment filed by Defendants misrepresented that the class members owed postjudgment costs in connection with writs for garnishment because no money had yet been collected pursuant to the particular garnishments.

d) Whether Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

e) Whether Defendants made false representations regarding the character, amount, or legal status of debts, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

f) Whether Defendants communicated credit information which Defendants knew or should have known was false, in violation of the FDCPA, 15 U.S.C. § 1692e(8).

g) Whether Defendants used unfair or unconscionable means to collect or attempt to collect amounts not expressly authorized by the agreement

34

creating the debt or permitted by law, in violation of the FDCPA, 15

U.S.C. § 1692f(1).

h)      Whether Defendants violated the MCPA, M.C.L. § 445.252(e), (f)(i) and

(f)(ii).

174.    Plaintiffs' claims are typical of the claims of all class members.  Plaintiffs' claims

and the claims of all class members are based on the same factual and legal theories.

175.    Plaintiffs will fairly and adequately protect and represent the interests of the

members of each class.  Plaintiffs have retained counsel experienced in representing consumers

in  FDCPA litigation, including class actions brought under the FDCPA.  Neither Plaintiffs nor

counsel have any interests that are adverse or inconsistent with the interests of the members of

any class.  Neither Plaintiffs nor counsel have any interests that would cause them not to

vigorously represent the interests of the members of each class and pursue this action.

176.    Certification of the proposed classes under Fed.R.Civ.P. 23(b)(3) is appropriate in

that:

a)      The questions of law or fact common to the members of the classes

predominate over any questions affecting only individual members;

b)      A class action is superior to other available methods for fairly and

efficiently adjudicating the controversy.  Specifically:

1)      There is no compelling interest in having each class member

individually controlling the prosecution of separate actions.   Many

consumers may not realize that their rights have been violated.

2)      Common relief is sought on behalf of all members of each class.

The prosecution of separate actions by individual members of each class would create a risk of inconsistent or varying adjudications with respect to the individual members of each class, and a risk that any adjudications with respect to individual members of each class would, as a practical matter, either be dispositive of the interests of other members of each class not party to the adjudication, or substantially impair or impede their ability to protect their interests;

3)  Plaintiffs' counsel have searched PACER and otherwise are unaware of any pending litigation filed on behalf of any putative class member against any defendant concerning this controversy;

4)  It is desirable to concentrate the litigation of the claims in this forum.  Defendants regularly transact business in the Western District of Michigan.  Defendants file thousands of debt collection lawsuits each year in Michigan courts located in the Western District of Michigan.

5)  The management of the proposed class action will not be unusually difficult.  The factual and legal issues raised by this class action complaint will not require extended contact with the members of each class.  Defendants' conduct was perpetrated on all members of each class and will be established by common, written proof. Defendants' violations of the law are apparent and can be

determined in scope and amount of actual damages, simply by
reviewing the requests for writs of garnishment and other
documents which the defendant law firm has in its records.

## VII.    Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

177.    Plaintiffs incorporate the foregoing paragraphs by reference.

178.    Each defendant has violated the FDCPA.  Specifically:

    a)    Defendants violated 15 U.S.C. § 1692e; and

    b)    Defendants violated 15 U.S.C. § 1692f.

**Wherefore,** Plaintiffs, individually and on behalf of all others similarly situated, request that the Court certify this action as a class action, and seek:

    a)    Actual damages for Plaintiffs and each member of each class pursuant to 15 U.S.C. § 1692k;

    b)    Statutory damages for Plaintiffs and each member of each class pursuant to 15 U.S.C. § 1692k;

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    d)    Such further relief as the court deems just and proper.

### Count 2 – Michigan Collection Practices Act

179.    Plaintiffs incorporate the foregoing paragraphs by reference.

180.    Each defendant has violated the MCPA.  Specifically:

    a)    Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to

collect a debt; and

b)    Defendants violated M.C.L. § 445.252(f) by misrepresenting in a
      communication with a debtor the following: (i) the legal status of a legal
      action being taken or threatened, and (ii) the legal rights of a creditor or
      debtor.

**Wherefore,** Plaintiffs, individually and on behalf of all others similarly situated, request
that the Court certify this action as a class action, and seeks:

a)    Actual damages, trebled, for Plaintiffs and for each member of each class,
      pursuant to M.C.L. § 445.257;

b)    Statutory damages, trebled, for Plaintiffs and for each member of each
      class, pursuant to M.C.L. § 445.257;

c)    Injunctive relief, for Plaintiffs and for each member of each class, pursuant
      to M.C.L. § 445.257;

d)    Declaratory relief, for Plaintiffs and for each member of each class,
      pursuant to M.C.L. § 445.257;

e)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257;
      and

f)    Such further relief as the court deems just and proper.

**Demand for Trial by Jury**

    Plaintiffs demand trial by jury.


Dated: March 21, 2014                /s/ Phillip C. Rogers
                                         Phillip C. Rogers (P34356)
                                         Attorney for Plaintiffs
                                         40 Pearl Street, N.W., Suite 336
                                         Grand Rapids, Michigan 49503-3026
                                         (616) 776-1176
                                         ConsumerLawyer@aol.com


Dated: March 21, 2014                /s/ Michael O. Nelson
                                         Michael O. Nelson (P23546)
                                         Attorney for Plaintiffs
                                         1104 Fuller N.E.
                                         Grand Rapids, Michigan 49503
                                         (616) 559-2665
                                         mike@mnelsonlaw.com


Dated: March 21, 2014                /s/ Andrew L. Campbell
                                         Andrew L. Campbell (P64391)
                                         Attorney for Plaintiffs
                                         653 South Saginaw Street, Suite 210
                                         Flint, Michigan 48502
                                         (810) 232-4344
                                         michiganbk@gmail.com