UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ANDA, LATRICIA BELL,
JONATHAN ELSENBROEK,
JACQUELYN JOHNSON, LESLIE
PENEGOR and DONALD WALSTROM,
for themselves and class members,

      Plaintiffs,        Case No. 14-CV-00295-RJJ

v

ROOSEN VARCHETTI & OLIVIER, PLLC,
RICHARD G. ROOSEN, PAUL E. VARCHETTI,
LYNN M. OLIVIER, WEB EQUITY HOLDINGS, LLC,
CAVALRY SPV I, LLC and MAIN
STREET ACQUISITION CORP.,

      Defendants.

---

## MOTION TO DISMISS STATE LAW CLAIMS

Defendants state as follows for their Motion to Dismiss State Law Claims:

1.     Plaintiffs have asserted claims under the Michigan Collections Practices Act ("MCPA"), MCL 445.251 and ask this Court to assert jurisdiction over those claims under 28 U.S.C. § 1367.

2.     For the reasons stated in the accompanying Brief in Support, Defendants respectfully ask this Court to decline to exercise its supplemental jurisdiction over the MCPA claims.

WHEREFORE, there being no just cause otherwise, Defendants respectfully asks the Court to dismiss Count II, without prejudice.

Respectfully submitted.

MADDIN HAUSER ROTH & HELLER, P.C.

/s/ Kathleen H. Klaus
KATHLEEN H. KLAUS
Attorney for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 359-7520

Dated:  May 30, 2014

---

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  all counsel of record.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520

---

1534878 v1/14079.0010

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ANDA, LATRICIA BELL,
JONATHAN ELSENBROEK,
JACQUELYN JOHNSON, LESLIE
PENEGOR and DONALD WALSTROM,
for themselves and class members,

   Plaintiffs,          Case No. 14-CV-00295-RJJ

v

ROOSEN VARCHETTI & OLIVIER, PLLC,
RICHARD G. ROOSEN, PAUL E. VARCHETTI,
LYNN M. OLIVIER, WEB EQUITY HOLDINGS, LLC,
CAVALRY SPV I, LLC and MAIN
STREET ACQUISITION CORP.,

   Defendants.

___

### BRIEF IN SUPPORT OF MOTION TO DISMISS STATE LAW CLAIMS

Plaintiffs' case is premised on the theory that Roosen Varchetti & Oliver, P.C. ("RVO") violated the Fair Debt Collection Practices Act ("FDCPA") and the Michigan Collections Practices Act ("MCPA"), MCL 445.251, by assessing costs that could not be recovered under MCR 3.101(R). The MCPA count is before the Court pursuant to 28 U.S.C. § 1367.[1] This Court should not exercise its supplemental jurisdictional to adjudicate the state law claims because any advantages to be gained by trying the federal and state law claims together are outweighed by the fact that the issues involved are novel in the state of Michigan and are more appropriately dealt

___

[1] Plaintiffs' state law claims do not satisfy the requirements of 28 U.S.C. § 1332. Therefore, the only way this Court could retain jurisdiction of the state law claims would be via 28 U.S.C. § 1367 (its supplemental jurisdiction).

1

with by a Michigan state court. Accordingly, Defendants request that this Court dismiss Plaintiffs' state law claims, without prejudice.

I. BACKGROUND FACTS.

Plaintiffs are each judgment debtors in state court collection suits brought by RVO on behalf of its clients. After obtaining the judgments, RVO applied for requests for writs of garnishment. The costs associated with the writs were sometimes included in the "amount due" on subsequent writs, even if no money was recovered pursuant to the garnishment. Plaintiffs contend the inclusion of these costs was not permitted under M.C.R. 3.101(R). Plaintiffs allege that RVO, its clients and its owners violated the FDCPA and MCPA because RVO attempted to collect costs not authorized by law.

II. ARGUMENT.

A. This Court's exercise of supplemental jurisdiction is not mandatory.

A federal court's original jurisdiction over federal questions "carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative facts,' such that 'the relationship between the federal claims and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164- 65 (1997) quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). It was with these ideas in mind that Congress enacted the supplemental jurisdiction statute, 28 U.S.C. § 1367. Section 1367(a) provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, just because the Court *has* jurisdiction, does not mean it *must* exercise it. Section 1367 (c) describes the discretionary nature of the authority, outlining a number of reasons the Court may decline to exercise jurisdiction over state law claims:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See also Gibbs*, 383 U.S. at 726 ("supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right.") The Supreme Court has articulated a list of factors to be considered on a case-by-case basis, including judicial economy, convenience, fairness, and comity. *Carnegie-Mellon University v. Cahill*, 484 U.S. 343, 350 (1988). "As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id. See also Kilbourn v. Candy Ford-Mercury, Inc.* 209 F.R.D. 121, 133 (W.D. Mich. 2002) quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) ("district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."); *Two Men and a Truck/International v. Two Men and a Truck/Kalamazoo*, 949 F.Supp. 500, 510 (W.D. Mich. 1996) ("Many of the state claims involve novel issues of franchise law that require a unique interpretation by the Michigan and Indiana courts, making dismissal appropriate under Section 1367(c)(1)).

B.  **This case raises novel issues of Michigan law.**

Although Plaintiffs' state and federal law claims derive from a common nucleus of operative facts, this Court is not the proper forum for trying the state law claims because the application of the operative facts to the MCPA raised novel issues of Michigan law. Although not apparent from the complaint, the MCPA is not just a Michigan version of the FDCPA, but a radically different statute that has not been widely construed by Michigan courts. Because there is no "guidance" from state courts on the MCPA claim, this Court should decline Plaintiffs' invitation to create state law in this case and dismiss the MCPA claim. *Richard v. Oak Tree*, 614 F. Supp. 2d 814, 823-24 (W.D. Mich. 2008).

For example, debt buyers are not covered under the MCPA and the claims, at best, would apply to RVO, only. MCL 445.251. However, actions an attorney takes client that are "communications concerned with [the lawyer's] actions as counsel for" a client in litigation to collect a debt are not actions "*directly* concerned with" collection activity and do not fall within the statute. *Capital One v. Ponte,* 2013 WL 6692511 at * 3 (Mich App. 2013), emphasis in original. In other words Michigan law recognizes a "litigation exception" to the MCPA. Whether that exception applies to post-judgment collection activity is an issue that has not been decided by a Michigan court and should not be decided in the first instance by this Court.

Further, there is no statute of limitations in the MCPA and no Michigan court has announced a limitations period for MCPA claims. Plaintiffs are asking the Court to determine that the period is six years. *See* Complaint at ¶ 170. Likewise, no Michigan court has decided whether a plaintiff must have suffered actual damages in order to state a claim under the MCPA. Because none of the Plaintiffs is alleged to have suffered actual damages, the Court will be asked to weigh in on the novel issue, should the MCPA claims be litigated in this case.

In short, this Court will be making new state law on several issues, if it retains jurisdiction over the MCPA claim. Principals of federalism and comity dictate that a federal court should not be the "first court to step in and create new state-law liability." *Rockey v. Courtesy Motors, Inc.,* 199 F.R.D. 578, 596 (W.D. Mich. 2001), citations omitted. As the Supreme Court cautioned in *Gibbs,* "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *Gibbs*, 383 U.S. at 726. Thus, even if this Court might have jurisdiction over the MCPA claim, it should decline to exercise it. *See Gradisher v. Check Enforcement Unit, Inc.*, 133 F.Supp.2d 988, 993 (W.D. Mich. 2001) (held in declining to exercise supplement jurisdiction: "[T]his precise issue has not been addressed by Michigan courts, and it is conceivable that a Michigan court could rule either way."); *Waechter v. School District of Cassopolis*, 773 F.Supp. 1005, 1012 (W.D. Mich. 1991) ("Although these claims arise out of the same transaction or occurrence as plaintiffs' federal claims, they involve questions of law unique to Michigan, especially regarding qualified immunity and other defenses to liability").

Finally, federal courts in Michigan have declined to exercise supplemental jurisdiction in the debt collection context when as here, doing so would create more problems than would be solved by litigating the state and federal claims together. *See e.g. Malik v. Asset Acceptance, LLC*, 2006 WL 13148 at 2 (E.D. Mich Jan. 3, 2006) (district court declined supplemental jurisdiction over state claims where plaintiff filed suit alleging violations of the FDCPA and the MCPA); *Walker v. Lynn M. Olivier, PC*, 2006 WL 467912 (E.D. Mich. Feb. 23, 2006) (finding state law claims were expand the scope of the case); *Loyd v. Asset Acceptance, LLC*, 2005 WL 3465857 (E.D. Mich. Dec. 19, 2005) (same).

## III.  CONCLUSION.

Michigan law is unsettled as to whether its litigation exception to the MCPA applies to post-judgment collection activities, whether actual damages are necessary for standing and what the applicable statute of limitation is to MCPA claims.  Thus, while this Court has jurisdiction over Plaintiffs' claims alleging violations of the FDCPA, Defendants respectfully urge that, that rather than make new state law on the subject, the Court should decline supplemental jurisdiction over Plaintiffs' state law claims.

<div style="margin-left:40%">

Respectfully submitted.

MADDIN HAUSER ROTH & HELLER, P.C.


/s/ Kathleen H. Klaus
KATHLEEN H. KLAUS
Attorney for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 359-7520

</div>

Dated:  May 30, 2014

---

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: all counsel of record.

<div style="margin-left:40%">

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendant
28400 Northwestern Highway, 3rd Floor
Southfield, MI  48034
(248) 359-7520

</div>