UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ANDA, LATRICIA BELL,
JONATHAN ELSENBROEK,
JACQUELYN JOHNSON, LESLIE
PENEGOR and DONALD WALSTROM,
for themselves and class members,

    Plaintiffs,                      Case No. 14-CV-00295-RJJ

v

ROOSEN VARCHETTI & OLIVIER, PLLC,
RICHARD G. ROOSEN, PAUL E. VARCHETTI,
LYNN M. OLIVIER, WEB EQUITY HOLDINGS, LLC,
CAVALRY SPV I, LLC and MAIN
STREET ACQUISITION CORP.,

    Defendants.

---

### RICHARD G. ROOSEN AND LYNN M. OLIVIER'S RULE 56(C) MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Richard G. Roosen and Lynn M. Olivier state as follows for their Rule 56(C) Motion for Summary Judgment and Brief in Support:

### MOTION FOR SUMMARY JUDGMENT

1. Each of the Plaintiffs is a judgment debtor in a collection case arising from Plaintiffs' failure to pay an alleged consumer debt. Each of the collection cases was filed by Roosen Varchetti & Olivier, PLLC ("RVO").

2. Plaintiffs bring this case under the Fair Debt Collection Practices Act ("FDCPA") for themselves and on behalf of a purported class.

1656955 v2/14079.0010

3. Plaintiffs allege generally that Defendants assessed costs attendant to the issuance of a writ of garnishment, although the garnishment did not result in any payment. Plaintiffs further allege that these costs were not permitted to be charged under MCR 3.101.

4. Mr. Roosen and Ms. Olivier did not sign any of the requests for writs of garnishment that included the allegedly improper costs, and there is no evidence that either of them took any other action that violated the FDCPA.

WHEREFORE, there being no just cause otherwise, Mr. Roosen and Ms. Olivier respectfully ask the Court to grant them judgment in their favor.

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*Issues presented:*

Do Plaintiffs have any evidence that suggests either Mr. Roosen or Ms. Olivier violated the FDPCA?

*Principal authority:*

*Kistner v. Law Officers of Michael P. Margelefsky, LLC,* 518 F.3d 433, 437-38 (6th Cir. 2008)

I.     **INTRODUCTION.**

There is no dispute that neither Mr. Roosen nor Ms. Olivier signed any of the requests for writs of garnishment at issue in any of the Plaintiffs' collection cases. *See* First Amended Complaint at Exhibits A through T. Plaintiffs' theory against Mr. Roosen and Ms. Olivier therefore is that they participated in creating the policy Roosen Varchetti & Olivier, PLLC ("RVO") followed in accruing costs associated with post-judgment writs of garnishment. Creating a policy that allegedly violates the Fair Debt Collection Practices Act ("FDCPA") is not a violation of the FDCPA under any reasonable construction of the statute. Mr. Roosen and Ms. Olivier therefore are entitled to judgment in their favor.

II.     **ARGUMENT**

A.     **Standard of review.**

Rule 56(c)(1)(B) calls for the Court to grant summary judgment when a non-moving party cannot produce admissible evidence to support a fact that is material to the non-moving party's claim or defense. The ultimate question on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986).

### B. Only Mr. Varchetti is alleged to have taken any action in violation of the FDCPA.

Each of Plaintiffs' claims under the FDCPA is premised on the application for a writ of garnishment that included allegedly uncollectable costs. The applications were signed by Paul Varchetti, not Mr. Roosen or Ms. Olivier. However, the specific provisions of the FDCPA cited in the complaint are violated by an *act*, not by creating a process that may have led to an act. 15 U.S.C. § 1692e ("A debt collector may not *use* any false . . .."); 15 U.S.C. §1692f ("A debt collector may not *use* unfair . . .."). Accordingly, Plaintiffs cannot state a viable claim against Mr. Roosen or Ms. Olivier.

In naming Mr. Roosen and Ms. Olivier as defendants based on their status as "debt collectors," Plaintiffs cited to and relied on *Kistner v. Law Officers of Michael P. Margelefsky, LLC*, 518 F.3d 433, 437-38 (6th Cir. 2008) because the court in that case held that a plaintiff does not need to pierce the corporate veil in order to hold "the sole member of an LLC" individually liable for violations of the FDCPA, if the sole member of the LLC otherwise satisfies the definition of "debt collector." *Kistner* did not excuse a plaintiff from pleading and proving the *actus reas* element of a violation, however, nor could it have done so without ignoring the operative words of the statute.

The plaintiff in *Kistner* alleged that he received a letter from a law firm that notified the plaintiff his debt had been referred to the law firm for collection and directing the plaintiff to make payments to the lawyer who owned the firm. *Kistner*, 518 F.3d at 435. The lawyer drafted the form letter used, but did not review the specific letter before it was mailed to the plaintiff. Plaintiff claimed the letter was deceptive under 15 U.S.C. §1692e(3) because the letter falsely

implied it was a communication from an attorney. The plaintiff sought to hold the attorney who was the sole shareholder of the law firm that sent the letter liable under the FDCPA. The *Kistner* court found that the attorney could be held personally liable, if a jury found that the letter was deceptive. The lawyer's liability, however, was not premised on his status as a "debt collector" who also owned and was employed by the firm, but on the fact that he drafted the form letter at issue, was the only member of the firm, and is the person to whom plaintiff was directed to remit payment. *Kistner,* 518 F.3d at 438. In other words, the defendant in *Kistner* could be held liable only because he took action directed at the plaintiff that violated the FDCPA.

Any contrary conclusion would be contrary to the express terms of the FDCPA. As with any other statute, construction of the FDCPA begins with the language of the statute itself. *Schroyer v. Frankel,* 197 F.3d. 1170, 1174 (6th Cir 1999). Where the statute's language is plain, the sole function of the Court is to enforce it according to its terms; federal court must presume that Congress "says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249 – 253-54 (1992); *United States v. Ron Pair Enters.,* 489 U.S. 235, 241 (1989). Here, there is no language in either §1692e or §1692f that creates liability on the part of a debt collector that did not personally "use" a deceptive or unfair means to collect a debt:

> A debt collector may not use any false deceptive or misleading representation or means in connection with the collection of any debt.
>
> \*\*\*\*
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.
>
> *See* 15 U.S.C. §1692e; 15 U.S.C. §1692f, emphasis added.

The term "use" in the FDCPA must be given its "plain meaning" and requires some "active involvement" by the defendant in an FDCPA violation in order for the defendant to be held liable. *Vincent v. The Money Store,* 736 F.3d 88, 99 (2nd Cir. 2013). *See also Cruz v. International Collection Corporation,* 673 F.3d 991, 999 – 1000 (9th Cir. 2012) (to state a claim, plaintiff must plead that the defendant "*has taken an action* that violates the FDCPA . . ."), emphasis in original. Because the FDCPA requires "active involvement" in order to state claim for a violation, liability cannot attach to members of a debt collector firm who simply create policies that may have violated the statute. *Id.* Creating a policy is not "using" an allegedly improper means to collect a debt.

This reading of the FDCPA is further supported by the language of the provision that provides a private right of action:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . .

*See* 15 U.S.C. 1692k(a).

The plain meaning of this section is that a debt collector who personally violates the statute may be held liable; it is patently unreasonable to read into this provision liability for "debt collectors" who do not themselves fail to "comply with any provision" of the statute or for debt collectors who are "associated with" an alleged FDCPA violation. *Flores v. U.S. Citizenship and Immigration Services,* 718 F.3d 548, 552 (6th Cir. 2013) (court cannot take "red pen" to statute). Imposing liability on person who did not violate the act is creating a remedy where Congress did not intend one.

The mere status as a debt collector associated with a person who is alleged to have violated the FDCPA cannot suffice to confer personal liability. Rather, after pleading facts that

demonstrate a defendant satisfies the definition of "debt collector," the plaintiff must plead that the defendant *"**has taken an action** that violates the FDCPA . . .."*  *Cruz v. International Collection Corporation,* 673 F.3d 991, 999 – 1000 (9th Cir. 2012), emphasis in original.  Other than Mr. Varchetti, none of the defendants is alleged to have taken any action that violated the FDCPA and they must be dismissed from this case, accordingly.

### III. CONCLUSION.

Mr. Roosen and Ms. Olivier did not "use" any of the allegedly deceptive means to collect a debt that are at issue in this case.  As a matter of law, they did not engage in conduct that violated the FDCPA and they are entitled to judgment in their favor, accordingly.

        Respectfully submitted.

        MADDIN HAUSER WARTELL ROTH &
        HELLER, P.C.

        */s/ Kathleen H. Klaus*
        KATHLEEN H. KLAUS (P67207)
        Attorney for Mr. Roosen and Ms. Olivier
        28400 Northwestern Highway, 3rd Floor
        Southfield, MI  48034
        (248) 359-7520

Dated:  April 9, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2015, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:  all counsel of record.

/s/ Kathleen H. Klaus
Kathleen H. Klaus (P67207)
Attorney for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520