UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ANDA, LATRICIA BELL,
JONATHON ELSENBROEK,　　　　　　　　　　　　　　　Case No. 1:14-cv-00295
JACQUELYN JOHNSON,
LESLIE PENEGOR, and DONALD
WALSTROM, for themselves and　　　　　　　　　　　Hon. Robert J. Jonker
class members,

　　　　　　Plaintiffs,

v.

ROOSEN, VARCHETTI & OLIVIER,
PLLC, RICHARD G. ROOSEN, PAUL
E. VARCHETTI, LYNN M. OLIVIER,
WEB EQUITY HOLDINGS, LLC,
CAVALRY SPV I, LLC and MAIN
STREET ACQUISITION CORP.,

　　　　　　Defendants.
_____/

PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS UNDER *ROOKER FELDMAN* DOCTRINE

1. **The *Rooker-Feldman* doctrine does not apple because plaintiffs do not contest state court judgments.**

　　　The R*ooker-Feldman* doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine does not apply in the present case because plaintiffs do not seek review of the judgments entered in the state court collection actions. Plaintiffs' FDCPA action concerns only statements made by the

1

defendants in requests and writs for garnishment made after the judgments had been entered. Plaintiffs do not contest the validity or the amounts of the state court judgment.

Defendants attempt to characterize the garnishments as judgments. But this Court has already rejected similar arguments based on preclusion and held that the garnishments at issue here are not judgements.

> In the first place, none of the garnishments at issue here ripened into judgments against the principal debtor or the garnishee Defendant. Second, there is no indication that the issue of costs was actually litigated in the garnishment action, thus eliminating any basis for issue preclusion. But most fundamentally of all, the garnishment process - at least as to the principal judgment debtor-is entirely ancillary to the principal judgment.
> Order of June 25, 2014, Doc # 54, p. 9, Page ID $558.

Both cases cited in that opinion, *Todd v. Weltman, Weinberg & Reis, Co., 348* F. Supp. 2d 903 (S. D. Ohio 2004) and *Stolicker v. Muller, Muller, Richmond, Harms, Meyers & Sgroi, PC,* 387 F. Supp. 2d 752 (W.D. Mich. 2005) rejected the defendants' *Rooker-Feldman* arguments as well as their preclusion arguments.

In *Todd,* the court held that *Rooker-Feldman* did not apply because there was no indication that the state court judge had made a determination that the statement submitted in support of the garnishment was accurate:

> There is no indication in the Amended Complaint, the state court documents, or the statutory provisions establishing garnishment procedures that Municipal Court judges make any determination as to the factual accuracy of an affidavit submitted pursuant to Ohio Revised Code section 2716.11 prior to signing the section 2716.13(B) order. Rather, a section 2716.13(B) order "involve[s] only a preliminary determination not going to the merits of whether the property was subject to garnishment." *Todd v. Weltman, Weinberg & Reis. Co., L.P.A .*, *supra* at 910 (S.D. Ohio 2004).

The Sixth Circuit affirmed.

> Defendant in the instant case claims this Court lacks subject matter jurisdiction because Plaintiff's federal claim is inextricably intertwined with the Ohio state court decision that

Defendant's affidavit was valid. This argument ignores the fact that Plaintiff here does not complain of injuries caused by this state court judgment, as the plaintiffs did in *Rooker* and *Feldman*. Instead, after the state court judgment, Plaintiff filed an independent federal claim that Plaintiff was injured by Defendant when he filed a false affidavit. This situation was explicitly addressed by the *Exxon Mobil* Court when it stated that even if the independent claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not *Rooker-Feldman*. See supra.
*Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 437, (6th Cir. 2006)

In this regard, the Seventh Circuit decision that defendants rely on, *Harold v. Steel,* 773 F.3d 884 (7th Cir. 2014) is significantly different. In that case, the state court judge had held a hearing on the plaintiff's claim, that the defendant had misrepresented the judgment creditor's identity, and rejected the claim. There has been no such judicial determination here.

The issuance of a garnishment by the state court clerk is not a judicial determination. In *In re Credit Acceptance Corp.* 273 Mich. App. 594 (2007) *aff'd*. 481 Mich. 883 (2008), the court held that a court clerk does not have the authority to refuse to issue a writ of garnishment because the application may contain excessive cost or interest. Although defendants correctly note that a writ of garnishment has legal consequences, that does not mean that it is a "decision of a state court." For instance, a subpoena issued by an attorney for a party acts as an order of the court, commanding attendance, but it is not a decision of the court.

The judgment debtor's right to object to the garnishment is limited to certain specified circumstances.

> (2) Objections shall be based on one or more of the following:
>     (a) the funds or property are exempt from garnishment by law;
>     (b) garnishment is precluded by the pendency of bankruptcy proceedings;
>     (c) garnishment is barred by an installment payment order;
>     (d) garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order;
>     (e) the judgment has been paid;
>     (f) the garnishment was not properly issued or is otherwise invalid.

M.C.R.3.101

Although a defendant could possibly argue that subsection (2)(f) provides grounds to contest the amount of costs claimed on the application, that argument would be strained and, in most cases, such an objection would not serve to invalidate the writ.

**2.      Plaintiffs' suggestion as to how actual damages might be calculated does not support defendants' *Rooker-Feldman* argument.**

Whether plaintiffs will be entitled to actual damages, and in what amount, is not presently before the Court. However, plaintiffs' suggestion that the amounts that were improperly collected or added to the judgments are appropriate actual damages is not foreclosed by *Rooker-Feldman* or preclusion because those amounts were not caused by the state court judgments, but by defendants' actions subsequent to the judgments. Even if the Court ultimately determines that plaintiffs are not entitled to those amounts as actual damages, that does not defeat jurisdiction.

Plaintiffs claim that defendants violated the Fair Debt Collection Practices Act by falsely stating the amounts due for costs on applications for writs of garnishment. Violation of the FDCPA makes the defendants liable for statutory damages in addition to any actual damages. 15 U.S.C.§1692k. Actual damages are not necessary to support a claim for violation of the FDCPA. *Beaudry v. TeleCheck Servs.*, 579 F.3d 702, 706-707 (6th Cir. 2009) (Fair Credit Reporting Act), *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013) Thus, whether or not plaintiffs are entitled to actual damages, they have stated a claim for violation of the FDCPA independent of any action taken by the state courts. See: *Exon Mobile Corp. v. Saudi Basic Indus. Corp. supra* at 293: "if a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached . . . then there is jurisdiction and state law

determines whether the defendant prevails under principle of preclusion.'"

CONCLUSION

For the reasons stated above, plaintiffs submit that defendant's motion should be denied.


Dated:  April 23, 2015                                  /s/ Phillip C. Rogers
                                                                          Phillip C. Rogers (P34356)
                                                                          Attorney for Plaintiffs
                                                                          40 Pearl Street, N.W., Suite 336
                                                                          Grand Rapids, Michigan 49503-3026
                                                                          (616) 776-1176
                                                                          ConsumerLawyer@aol.com


Dated:  April 23, 2015                                   /s/ Michael O. Nelson
                                                                          Michael O. Nelson (P23546)
                                                                          Attorney for Plaintiffs
                                                                          1104 Fuller N.E.
                                                                          Grand Rapids, Michigan 49503
                                                                          (616) 559-2665
                                                                          mike@mnelsonlaw.com